**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JEVON MARQUIS SAWYER,

        Petitioner,                  Case Number: 1:19-cv-12285
                                                    HON. THOMAS L. LUDINGTON

v.

MARK MCCULLICK,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION
TO HOLD PETITION IN ABEYANCE**

Petitioner Jevon Marquis Sawyer, presently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, filed a petition in this Court for a writ of habeas corpus under 28 U.S.C. § 2254. That petition was transferred to the Sixth Circuit as "second or successive" pursuant to 28 U.S.C. § 2244(b)(3)(A) for a determination of whether this Court may adjudicate the merits of Petitioner's claims.

Petitioner now seeks to hold his petition in abeyance, based on newly discovered evidence obtained after his case was transferred to the Sixth Circuit. (ECF No. 5.) Because this Court lacks jurisdiction, it will deny Petitioner's motion without prejudice.

**I.**

As explained in the Court's transfer order (ECF No. 4), the Antiterrorism and Effective Death Penalty Act of 1996 generally limits applicants for habeas relief to a single petition. *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. §

2244(b)(3)(A)). A petitioner must obtain authorization from a federal appeals court "before filing a 'second or successive' petition in district court." *In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017), *cert. denied sub nom. Tibbetts v. Jenkins*, 138 S. Ct. 661 (2018). If a prisoner files such a petition in district court without obtaining authorization, the district court must transfer it to the circuit court. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Until authorization is granted, the district court has no jurisdiction to hear the matter. *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 2188 (2017).

The Sixth Circuit explains this Court's lack of jurisdiction by noting that "inter-court transfers, to borrow the Supreme Court's language from a similar context, are 'event[s] of jurisdictional significance.'" *Jackson v. Sloan*, 800 F.3d 260, 260 (6th Cir. 2015) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). For instance, the lower court loses jurisdiction when a case is transferred to the circuit court on an appeal from final judgment. *Id.* (citing *Griggs*, 459 U.S. at 58; Fed. R. App. P. 3, 4). The *Jackson* court analogized transfer for review of a second or successive petition to transfer on appeal; it also noted that avoiding simultaneous jurisdiction in the two courts promotes efficiency. *Id.* (citation omitted).

As to when jurisdiction transfers, "one court loses jurisdiction and the other court gains it when a case file physically moves between courts." *Id.* at 261 (citing *Miller v. Toyota Motor Corp.*, 554 F.3d 653, 654 (6th Cir. 2009) (other citations omitted)). That "physical[] move[]" occurs when the "transferee court . . . dockets the case." *Id*. At that

point, "the case ha[s] left the district court's hands, meaning it lack[s] jurisdiction to consider" post-transfer motions." *Id*.

Here, as Petitioner acknowledges in his motion for abeyance (Mot. at 1, ECF No. 5, PageID.26), this Court transferred his second or successive habeas petition to the Sixth Circuit on September 3, 2019. (ECF No. 4.) His case was docketed at the Sixth Circuit on September 5, 2019;[1] his motion was signed on September 9 and filed in this Court September 12, 2019. Accordingly, his petition has "left [this Court's] hands" and it lacks jurisdiction to hear his motion. *See Heximer v. Woods*, No. 2:08-CV-14170, 2016 WL 183629, at *3 (E.D. Mich. Jan. 15, 2016) (citing *Jackson*, 800 F.3d at 261-62) (denying motions without prejudice because "the Court does not have the jurisdiction to entertain them" following the transfer of the petitioner's second or successive habeas petition.).

## II.

Accordingly, it is **ORDERED** that Petitioner's motion to hold his petition in abeyance (ECF No. 5) is **DENIED WITHOUT PREJUDICE**.

Dated: September 23, 2019    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

[1] *See* docket for *In re: Jevon Sawyer*, Case No. 19-2010, Sixth Circuit Court of Appeals. The Court is "authorized to 'take judicial notice of proceedings in other courts of record[.]'" *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n. 5 (6th Cir. 2005) (citations omitted).

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon **Jevon Marquis Sawyer** #651440, BELLAMY CREEK CORRECTIONAL FACILITY, 1727 WEST BLUEWATER HIGHWAY, IONIA, MI 48846 by first class U.S. mail on September 23, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager